BONIN, J.,
concurs with additional reasons.
hi join the majority opinion but write separately to express additional reasons.
A search for Mr. Franklin’s DNA would be unreasonable on the basis of the prosecution’s unsworn motion for a buccal swab, without, at the very least, probable cause and a sworn supporting affidavit. See La. C.Cr.P. art. 162; State v. Lee, 05-2098, p. 30 (La.1/16/08), 976 So.2d 109, 131. The supporting affidavit for a warrant seeking a person’s DNA must show that the DNA to be seized “[m]ay constitute evidence tending to prove the commission of an *818 offense.” La.C.Cr.P. art. 161 A(3)[1]; See also Warden v. Hayden, 387 U.S. 294, 307, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967) (“There must, of course, be a nexus — automatically provided in the case of fruits, instrumentalities, or contraband — between the item to be seized and criminal behavior.”)
Because the Louisiana Supreme Court in Lee did not specifically require a search warrant in all instances of DNA collection, I stress that the prosecution has not established sufficient probable cause to justify the procurement of Mr. Franklin’s DNA. Probable cause sufficient to issue a search warrant “exists when the facts and circumstances within the affiant’s knowledge and of which he has | ¡reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched.” Lee, supra, 976 So.2d at 122.
Probable cause sufficient to issue a search warrant “exists when the facts and circumstances within the affiant’s knowledge and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched.” State v. Lee, supra, 05-2098, p. 14, 976 So.2d at 122; State v. Johnson, 408 So.2d 1280, 1283 (La.1982). A reviewing court’s task in evaluating the validity of a search warrant is to insure that, under the totality of the circumstances, the issuing magistrate has a “substantial basis” for concluding that probable cause existed. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). We review the magistrate’s probable cause determination by the same standard, because although there was no search warrant issued in this matter, we must determine whether this State’s unsworn motion nevertheless amounts to the “functional equivalent” of a search warrant, especially concerning the underlying probable cause.
The prosecution contends that its un-sworn motion to obtain Mr. Franklin’s DNA provides a reasonable basis for a valid search because it is the “functional equivalent” of a search warrant. The State finds support for its position in language from State v. Lee, at 125-126, in which the Louisiana Supreme Court held that “a search warrant (or its functional equivalent)” is required before a DNA sample may be taken. The Fourth Amendment states that “no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.” U.S. Const, amend. IV; see also La. Const, art. I, § 5. While the court in Lee did not 1 ¡¡specifically require that a search warrant be the precise procedural vehicle in every case where DNA is sought, the procedure used must still afford the defendant his Fourth Amendment protections to constitute the functional equivalent of a warrant.
This case entails a search involving an intrusion beyond the body’s surface. Discussing the constitutional implications of such a search, the United States Supreme Court explained in Schmerber v. California, 384 U.S. 757, 769-770, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966):
The interests in human dignity and privacy which the Fourth Amendment protects forbid any such intrusions on the mere chance that desired evidence might *819 be obtained. In the absence of a clear indication that in fact such evidence will be found, these fundamental human interests require law officers to suffer the risk that such evidence may disappear unless there is an immediate search, (emphasis supplied)
Here, the prosecution has not made a showing, beyond an unconfirmed guess, that evidence of the crime of first-degree murder will be found by obtaining the defendant’s DNA. The prosecution has not developed a DNA profile from the seized clothing and therefore has not established that the DNA to be seized from Mr. Franklin, standing alone, could “constitute evidence tending to prove the commission of an offense.” See La.C.Cr.P. art. 161 A(3).
At the motion hearing before the magistrate which resulted in the court order allowing the State to obtain the defendant’s saliva, the prosecuting attorney similarly denied the necessity of obtaining a search warrant. “[W]e don’t need a search warrant,” the prosecutor argued, “The form is immaterial. If it’s a court order, search warrant, whatever form you use is immaterial. It just happens to be a court order that we used.” As this case involves a defendant’s constitutional rights, particularly his right to be free of unreasonable searches and seizures under the Fourth Amendment and his right to due process of law under the Fifth Amendment, it is worth remembering that
14these Amendments should receive liberal construction, so as to prevent stealthy encroachment upon or “gradual depreciation” of the rights secured by them, by “imperceptible practice of courts or by well-intentioned, but mistakenly overzealous executive officers.”
Gouled v. United States, 255 U.S. 298, 303-304, 41 S.Ct. 261, 65 L.Ed. 647 (1921).[2]
In Lee, the State filed a subpoena duces tecum for the defendant’s buccal swab rather than applying for a search warrant; consequently, the Lee Court noted that “we observe the subpoena in the present case did not include the sworn supporting affidavit a search warrant is required to contain.” Lee, 05-2098, p. 20, 976 So.2d at 125. (quoting La. Const, art. I, § 5 (“No warrant shall issue without probable cause supported by oath or affirmation ... ”)). Under any circumstance, a credible person reciting facts to establish probable cause for issuance of a warrant must swear to those facts. See La.C.Cr.P. arts. 162 and 162.1 (providing for sworn affidavits or sworn oral testimony, respectively). The formal requirements for a warrant (or its functional equivalent) have simply not been met here.
Further, because the possible evidentia-ry value of the defendant’s saliva pertains to his unchanging DNA, there exists no attendant risk that the desired evidence may disappear over time, as was a concern in Schmerber. Mr. Franklin’s DNA profile will stay the same. Moreover, because *820 Mr. Franklin is charged with a capital crime, he will remain in jail without bail,[3] lessening further any risk that evidence may be lost. Because the prosecution has not demonstrated, outside of its |fiown conjecture, that there “was a fair probability that contraband or evidence of a crime” would be found in Mr. Tucker’s DNA, I agree that the magistrate court erred in ordering the buccal swab. See Illinois v. Gates, 462 U.S. at 288.

. Although Article 161 A begins with "[e]x-cept as authorized by Article 163.1,” we understand that the exception applies to the limitation of "any thing within the territorial jurisdiction of the court” as distinguished from the provision of Article 163.1 which allows for execution “any place the person is found.” (emphasis supplied)

. Or, stated another way:
It may be that it is the obnoxious thing in its mildest and least repulsive form; but illegitimate and unconstitutional practices get their first footing in that way, namely, by silent approaches and slight deviations from legal modes of procedure. This can only be obviated by adhering to the rule that constitutional provisions for the security of person and property should be liberally construed. A close and literal construction deprives them of half their efficacy, and leads to gradual depreciation of the right, as if it consisted more in sound than in substance. It is the duty of courts to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon.
Coolidge v. New Hampshire, 403 U.S. 443, 454, 91 S.Ct. 2022, 29 L.Ed.2d 564, quoting Boyd v. United States, 116 U.S. 616, 635, 6 S.Ct. 524, 29 L.Ed. 746.

. As Mr. Franklin is charged with first-degree murder, see La. R.S. 14:30, he would not be admitted to bail unless he can show that proof is not evident or the presumption is not great that he is guilty of the offense. See La.C.Cr.P. art 331 A and C(2).